UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE C. SCHNEIDER,<br><br>                                    Plaintiff,<br><br>v.<br><br>ALICIA MOLINA; LAW OFFICES OF MOLINA & MOLINA; AMERISAVE; FREEDOM MORTGAGE CORPORATION; NESTOR TRUSTEE SERVICES; AND SUPREME LENDING,<br><br>                                    Defendants. | Case No.: 22-cv-1666-CAB-DDL<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING TEMPORARY RESTRAINING ORDER AND MOTION FOR DEFAULT JUDGMENT AS MOOT**<br><br>**[Doc. Nos. 2, 3, 4]** |

On October 27, 2022, Plaintiff Julie Schneider filed a Complaint [Doc. No. 1], a Motion for Temporary Restraining Order [Doc. No. 3], and a Motion for Default Judgment [Doc. No. 4] against various Defendants. Each filing is related to Defendants' standing to foreclose on property located at 9272 Brookside Circle, Spring Valley, California 91977 ("the Property"). Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2].

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted).  The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court.  *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In Plaintiff's IFP application, Plaintiff fails to answer most of the questions and claims to have no income or expenses of any kind. It is simply not credible to assume that Plaintiff has no income or expenses. Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.  Therefore, Plaintiff's application to proceed IFP [Doc. No. 2] is **DENIED** without prejudice, the Motion for the Temporary Restraining Order [Doc. No. 3] against Defendants' foreclosure is **DENIED AS MOOT**, and the Motion for Default Judgment [Doc. No. 4] is also **DENIED AS MOOT**.

Plaintiff shall have until **December 9, 2022**, to pay the entire filing fee or file a renewed application to proceed IFP that provides complete and accurate information concerning Plaintiff's income, assets, and expenses, and is signed by Plaintiff.  Failure to pay the filing fee or file a renewed application to proceed IFP will result in this case being closed without further order from the court.[1]

It is **SO ORDERED**.

Dated:  October 28, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Plaintiff is advised that even if she files a renewed application to proceed IFP, the complaint fails to state a claim upon which relief can be granted and will be subject to dismissal *sua sponte* by the Court. Accordingly, if Plaintiff intends to proceed with this action, whether by IFP or by paying the filing fee, she should file an amended complaint that (1) alleges the specific, relevant facts giving rise to her claims, and (2) specifies causes of action supported by those facts.