UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SCHNEIDER,<br><br>                            Plaintiff,<br><br>v.<br><br>ALICIA MOLINA, et al,<br><br>                            Defendants. | Case No.: 22-cv-1666-CAB-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Doc. Nos. 12, 13, 20] |

      Plaintiff Julie Schneider filed this action, in *pro se*, on October 26, 2022, alleging the wrongful foreclosure of Plaintiff's home at 9272 Brookside Circle, Spring Valley, CA ("the Property"). [Doc No. 1 at 1]. The complaint is largely unintelligible, but the Court gathers that Plaintiff's grievances arise from Defendants'[1] commencement of nonjudicial foreclosure proceedings on the Property. Specifically, Plaintiff alleges that the promissory note used to create the loan for the home was allegedly "forged" and that Defendants

---

[1] Plaintiff's complaint does not distinguish between Defendants in her complaint, so any mention of Defendants in this order refer to all Defendants in the case.

1

allegedly failed to deliver the deed. [Doc. No. 1 at 4]. There are no specific allegations regarding each Defendant's role in any wrongdoing against the Plaintiff. The complaint lists four causes of action: three state law claims and a federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. [Doc. No. 1 at 8]. The Court's subject matter jurisdiction is based on the federal question presented by the FDCPA claim.

Two similar motions to dismiss have been filed. The first motion is by Defendants Freedom Mortgage Corporation, Stanley Middleman, and Stan Moskowitz [Doc. No. 13], and the second is by Nestor Trustee Services, LLC [Doc. No. 20]. Plaintiff filed an opposition on January 13, 2023, that neither clarifies the allegations in the complaint nor addresses most of the arguments made for dismissal. The Court has determined these motions to dismiss suitable for determination on the papers. CivLR 7.1(d)(1). As discussed below, because the complaint fails to state a claim for violation of the FDCPA, and that claim is the sole basis for federal jurisdiction, the complaint is dismissed in its entirety.

"The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2017). Thus, "[t]he FDCPA imposes liability only when an entity is attempting to collect debt." *Id.* Those who engage only in non-judicial foreclosure proceedings are not "debt collectors" as defined in the FDCPA. *Obduskey v. McCarthy & Holthus, LLP*, 129 S.Ct. 1029, 1038 (2019). Here, although the complaint is difficult to parse, it appears that all of Defendants' alleged wrongdoing arise out of their alleged participation in nonjudicial foreclosure proceedings on the Property. "[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho*, 858 F.3d at 572. Thus, because Defendants are not "debt collectors," the complaint fails to state a claim under the FDCPA and this claim is **DISMISSED with prejudice.**

In light of the foregoing, it is hereby **ORDERED** as follows:

1. The motions to dismiss [Doc. Nos. 13, 20] are **GRANTED** with respect to Plaintiff's claim under the FDCPA;
2. The FDCPA claim is **DISMISSED WITH PREJUDICE**;
3. Having dismissed the sole federal claim, the Court declines to exercise jurisdiction over the remaining state law claims;[2]
4. The state law claims are **DISMISSED WITHOUT PREJUDICE** to being refiled in state court; and,
5. Plaintiff's motion to add parties and exhibits [Doc. No. 12] is **DENIED AS MOOT**.

The Clerk of Court shall **CLOSE** this case.  No further filings will be accepted.

It is **SO ORDERED**.

Dated:  January 26, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).